**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hekesi FOLAUMAHINA, Defendant–Appellant.**

**No. 05–10613.**

United States Court of Appeals,
Ninth Circuit.

Argued June 12, 2006.

Submitted Sept. 18, 2008.

Filed Sept. 18, 2008.

Marshall H. Silverberg, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Harlan Y. Kimura, Honolulu, HI, for Defendant–Appellant.

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

MEMORANDUM *

Hekesi Folaumahina pleaded guilty to three counts of obstruction of commerce

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

by robbery, in violation of 18 U.S.C. § 1951. The presentence report calculated a Sentencing Guideline range of 63 to 78 months imprisonment. It stated that there were no aggravating or mitigating factors about the robberies or Folaumahina that warranted a departure from the Guideline range. At sentencing, however, the district court on its own motion departed upward and imposed concurrent sentences of 120 months for each offense. No prior notice of the upward departure was given. The district court clearly characterized its sentence as an upward departure from the Guideline range.

This case is controlled by our decision in *United States v. Evans–Martinez,* 530 F.3d 1164 (9th Cir.2008). The appellant in that case, like Folaumahina, did not object at sentencing to the lack of prior notice of an upward departure. We held that the district court's departure without prior notice constituted plain error, because Fed. R.Crim.P. 32(h) requires prior notice and this requirement survived the United States Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Evans–Martinez,* 530 F.3d at 1167–68. We also held that this conclusion was not affected by the decision of the United States Supreme Court in *Irizarry v. United States,* — U.S. ——, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008), because the enhanced sentence in *Evans–Martinez* was an upward departure within the Guideline structure, and not a variance from the Guideline scheme itself, as was the case in *Irizarry. Evans–Martinez,* 530 F.3d at 1169.

Folaumahina's sentence was similarly a departure from the Guideline range, and not a variance from Guideline sentencing altogether. We accordingly follow *Evans–Martinez,* vacate Folaumahina's sentence, and remand the matter for resentencing.

SENTENCE VACATED; REMANDED FOR RESENTENCING.